# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                  No. 3:08CV00150 JLH

CARL STEPHEN LEDBETTER
AND SUSAN K. LEDBETTER,
Husband and Wife, Individually
And as Partners of LEDBETTER
FARMS; AND, GREAT AMERICAN
INSURANCE COMPANY                                                                  DEFENDANTS

## JUDGMENT

Upon motion of the plaintiff, United States of America, for default judgment together with affidavit showing that the defendants, Carl Stephen Ledbetter and Susan K. Ledbetter, and the Great American Insurance Company are not infants or incompetent persons, and are not in the military service of the United States and it appearing to the Court that said defendants, Carl Stephen Ledbetter and defendant Susan K. Ledbetter, after having been properly served pursuant to Rule 4(e)-(j) of the Federal Rules of Civil Procedure, and Rule 4(d)(8)(B) of the Arkansas Rules of Civil Procedure, as reflected by Affidavit of Service filed herein, has not answered, appeared or otherwise made any defense to the plaintiff's complaint and is wholly in default. The remaining defendant, Great American Insurance Company, has answered and consents to judgment *in rem*. It is therefore, ORDERED and ADJUDGED:

1.      The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.      Defendants, Carl Stephen Ledbetter and Susan K. Ledbetter, are in default on their obligation to plaintiff and is indebted to the United States of America in the principal sum of $152,500.45, and interest in the sum of $14,788.42 accrued to May 16, 2008, and thereafter at the

daily rate of $13.0853 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. Section 1961, plus advances and recoverable charges made for protection and maintenance of the subject property, and the costs of this action.  Plaintiff United States of America, U.S. Department of Agriculture, is hereby awarded judgment <u>in rem</u> against the property described herein for the above-mentioned sums.  No personal judgment having been prayed for, none is rendered.

       3.       The above described indebtedness due and owing to the United States of America, Farm Service Agency, is secured by a mortgage recorded on May 14, 1999, in the records of the Circuit Clerk and Recorder for the Chickasawba District of Mississippi County, Arkansas, in Book D-14, at Page 666.  The mortgage was reamoritized to extend the due date on the Note and Mortgage described above to February 1, 2016.  Said Agreement was filed on May 7, 2001 in real estate records of the Office of the Circuit Clerk and Recorder for the Chickasawba District of Mississippi County in Book 494, at Page 765 and re-recorded on May 17, 2001, at Page 30.

       4.       Plaintiff's mortgage constitutes a first lien, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants in and to the following described property in Mississippi County, Arkansas:

> TRACT 1: LOT THREE(3) BLOCK TWO(2), QUALITY ACRES
> SUBDIVISION TO THE CITY OF GOSNELL, ARKANSAS.

together with all improvements and appurtenances thereon.

       5.       After having been properly served, the defendants Carl Stephen Ledbetter and Susan K. Ledbettter are in default.  Any interest in or lien upon the subject real property which said defendants may have or claim is subsequent and subordinate to the plaintiff's mortgages, and any such interest or claim is hereby foreclosed.

6.     If the above described indebtedness due plaintiff United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South front door of the Mississippi County Courthouse, Blytheville, Arkansas.  The date and time of such sale shall be fixed by the Marshal.  If purchased on credit, payment of the purchase price shall secured by one of the following methods, at the purchaser's option:  furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, plaintiff may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. §2002, and shall forthwith report the result of the sale to the Court.

7.     The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.  Upon the sale of the above described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead,

curtesy and dower of the defendant, and all persons claiming by or through said defendant, in and to said property and every part thereof shall from that date be foreclosed and forever barred.

  8. The sale proceeds, after expenses of sale, shall be paid to the plaintiff United States of America to the extent of the indebtedness owed to the United States of America. Any surplus shall be retained in the registry of the Court subject to further orders of the Court.

  9. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

  DATED February 17, 2009

              _/s/ J. Leon Holmes_
              UNITED STATES DISTRICT JUDGE

APPROVED:

_/s/ Paul Hickey_
PAUL HICKEY
Attorney for Great American Insurance Co.
WALKER & HICKEY
P.O. Box 26278
Little Rock, AR 72221-6278


APPROVED:

_/s/ Gwendolyn D. Hodge_
GWENDOLYN D. HODGE
Bar Number 92245
Attorney for the United States Government
United States Attorney's Office
P.O. B ox 1229
Little Rock, Arkansas 72203
Telephone: (501) 340-2700
E-mail: Gwen.Hodge@usdoj.gov